COURT OF APPEALS OF VIRGINIA


Present: Judges Annunziata, Agee and Senior Judge Coleman


MARLENE VIRGINIA DAVIS

                                        MEMORANDUM OPINION*
v.   Record No. 2746-00-2                  PER CURIAM
                                         MARCH 27, 2001
CLEAN & SHINE SERVICES, INC. AND
 TIG PREMIER INSURANCE COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Stephen T. Harper; Kerns, Kastenbaum &
          Reinhardt, on brief), for appellant.

          (Joshua M. Wulf; Semmes, Bowen & Semmes, on
          brief), for appellees.


     Marlene V. Davis (claimant) contends that the Workers'

Compensation Commission erred in finding that she failed to

prove that her need for bypass surgery was causally related to

her November 22, 1999 compensable injury by accident and/or was

needed to treat the congestive heart failure she suffered as a

result of the work-related accident. Upon reviewing the record

and the briefs of the parties, we conclude that this appeal is

without merit. Accordingly, we summarily affirm the

commission's decision. See Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below. See R.G. Moore Bldg. Corp. v.

─────────────
     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Unless we can say as a matter of law that claimant's evidence

sustained her burden of proof, the commission's findings are

binding and conclusive upon us.  See Tomko v. Michael's

Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In ruling that claimant failed to sustain her burden of

proof, the commission found as follows:

> Dr. [Christopher S.] Nicholson opined that
> the accident caused significant injury to
> the claimant's lungs.  Following the
> accident, [claimant] developed pulmonary
> edema and went into heart failure which
> [Dr. Nicholson] opined "was probably due to
> the stress of the accident."  He opined that
> the accident "precipitated an episode of
> heart failure and myocardial infarction."
> The doctor, however, did not believe that
> all of [claimant's] ailments and medical
> care were the result of her November 22,
> 1999, work accident.  Rather, he noted that
> she had undiagnosed problems prior to the
> accident, and the accident "lead to their
> discovery."  He also agreed that the
> claimant would have had to undergo bypass
> surgery at some time, regardless of the
> automobile accident.
>
> Thus, the only clear statement of
> causation is that the accident led to the
> claimant's pulmonary edema, and an episode
> of myocardial infarction.  She also suffered
> contusions, soft tissue injuries, and
> respiratory problems.  A December 2, 1999,
> x-ray revealed that her abnormalities noted
> on November 22, 1999, had resolved.  She was
> discharged as improved and would return for
> surgery.  As the Deputy Commissioner noted,
> "the medical evidence suggests that the
> claimant recovered from the acute conditions
> caused by the motor vehicle accident prior
> to her bypass surgery."  The December 2,

1999, x-ray showed resolution of the abnormalities found on November 22, 1999, and Dr. Katz recommended the claimant recover from her acute condition before proceeding with surgery.

Dr. Nicholson opined that many of the claimant's heart problems were present before the accident and that the accident lead to their discovery. Significantly, he did not testify that the claimant's need for bypass surgery was caused by the accident or that it was needed to treat the congestive heart failure.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). As fact finder, the commission weighed claimant's medical records and Dr. Nicholson's opinions. In doing so, the commission, as fact finder, concluded that Dr. Nicholson did not opine with any degree of certainty that claimant's need for bypass surgery was causally related to the pulmonary edema and other injuries she suffered on November 22, 1999. The commission also concluded that any aggravation of claimant's pre-existing coronary conditions had resolved by December 2, 1999. The commission's findings are supported by Dr. Nicholson's medical records, his opinions, and his deposition testimony.

Based upon this record, we cannot find as a matter of law that claimant's evidence sustained her burden of proof.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>